[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10153

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00036-CEH-DNF-1

UNITED STATES OF AMERICA,

                                                            Plaintiff - Appellee,

versus

DARRYL LAMAR POWELL,
a.k.a. Darrell Powell,

                                                            Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 18, 2012)

Before WILSON, ANDERSON, and HIGGINBOTHAM,* Circuit Judges.

PER CURIAM:

_____

*Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit,
sitting by designation.

Darryl Lamar Powell appeals his conviction and sentence for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). The Court has considered all of Powell's specifications of error, including:

(1) whether two of Powell's prior state convictions, which serve as the basis for his Armed Career Criminal Act (ACCA) enhancement, were "committed on occasions different from one another," as required by 18 U.S.C. § 924(e);

(2) whether a jury must determine beyond a reasonable doubt the facts underlying the ACCA's statutory requirements, specifically, whether the prior crimes were committed on different occasions;

(3) whether the district court improperly admitted evidence pursuant to Fed. R. Evid. 404(b), and failed to grant a mistrial;

(4) whether parts of the government's closing statement provided grounds for a mistrial;

(5) whether the effects of the trial errors cumulatively denied Powell a fair trial;

(6) whether the jury instructions constructively amended the indictment;

(7) whether the evidence was sufficient to support the convictions;

(8) whether the information that supplied probable cause to search Powell's

2

residence was stale; and

(9) whether 18 U.S.C. § 922(g) is a constitutional exercise of Congress's authority under the Commerce Clause.

After review and consideration of the briefs and the record, and having the benefit of oral argument, we find no harmful error in the proceedings in the district court. Therefore, the decision of the district court is

**AFFIRMED.**